BEFORE THE THIRD DIVISION, FEBRUARY 1, 1946

**No. 50871.**—Protests 111784–K, etc., of Henry D. Gee Co. (Seattle).

Opinion by CLINE, J.   It was stipulated that the merchandise is the same in all material respects as that passed upon in *Tower & Sons* v. *United States* (14 Cust. Ct. 94, C. D. 919).   In accordance therewith the claim for free entry was sustained.

**No. 50872.**—Protests 838843–G, etc., of Metropolitan Pottery Co. et al. (New York).

Opinion by KEEFE, J.   It was stipulated that the merchandise consists of bon-bon dishes similar in all material respects to those the subject of *United States* v. *Butler Bros.* (33 C. C. P. A. 22, C. A. D. 310).   In accordance therewith the merchandise was held properly dutiable at 70 percent under paragraph 212 without the additional assessment of 10 cents per dozen pieces.

**No. 50873.**—Protests 116137–K, etc., of C. J. Tower & Sons (Buffalo).

Opinion by KEEFE, J.   It was stipulated that the boron carbide in question is the same in all material respects as that the subject of *Tower & Sons* v. *United States* (14 Cust. Ct. 84, C. D. 917).   In accordance therewith the protests were held dutiable as claimed.

**No. 50874.**—Protests 58144–K, etc., of Brockman & Schloss, Inc., et al. (New York).

Opinion by EKWALL, J.   In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein.   (See *John Barr* v. *United States*, 324 U. S. 83, decided February 5, 1945.)   In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries.   The protests were sustained to this extent.